# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 25-0581V

|  |  |
|---|---|
| AHMAD TAWIL,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | Chief Special Master Corcoran<br><br>Filed: April 24, 2026 |

*Chellis Garcia, Maglio Christopher & Toale, PA, Washington, DC, for Petitioner.*

*Naseem Kourosh, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION AWARDING ATTORNEY'S FEES AND COSTS[1]

On April 2, 2025, Ahmad Tawil filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he sustained a shoulder injury related to vaccine administration. Petition, ECF No. 1. On December 2, 2025, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 26.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $59,313.25 (representing $57,485.70 in fees plus $1,827.55 in costs). Application for

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Attorneys' Fees and Costs ("Motion") filed December 29, 2025. ECF No. 33. Furthermore, Petitioner filed a signed statement representing that he incurred no personal out-of-pocket expenses. ECF No. 33-2.

Respondent reacted to the motion on January 2, 2026, representing that he is satisfied that the statutory requirements for an award of fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. ECF No. 34 at 2-5. However, Respondent noted that Petitioner's counsel "billed 68.6 hours on this matter, a straightforward case that was settled in the Special Processing Unit within nine months of filing… Petitioner's counsel billed at a rate of $565.00 per hour for 2025…counsel began practice in the Vaccine Program in 2025." *Id*. at 4. Petitioner filed a reply requesting an award of fees and costs consistent with what was sought in the Motion. ECF No. 35.

I have reviewed the billing records submitted with Petitioner's request. A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id*. This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for  fees based upon an attorney's experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Relying on *McCulloch,* the Office of Special Masters has issued a Fee Schedule for subsequent years.

Ms. Garcia has been a licensed attorney since 1990, and qualifies for in-forum rates as she practices in Washington, D.C. While Respondent suggests that Ms. Garcia's hourly rate of $565.00 for 2025 is unsupported due to her limited Vaccine Act experience, I note that Respondent did not object to Ms. Garcia's requested rates in prior proceedings, and offers no other basis for me to depart from what other special masters have found to

be reasonable for similarly situated Program attorneys. I recently awarded Ms. Garcia the hourly rate of $565.00 for work performed in 2025, placing her on the lower end of the OSM Fee Schedules for comparable attorneys with 31+ years of experience. *See Smith v. Sec'y of Health & Hum. Servs.*, No. 22-569V, Slip. Op 52 (Fed. Cl. Spec. Mstr. April 13, 2026). This hourly rate reflects prior consideration of all of Ms. Garcia's qualifications and remains a reasonable determination.

Accordingly, the hourly rates requested by all attorneys and paralegals that performed work in this matter, through 2025, are reasonable and consistent with our prior determinations and are hereby awarded. And all time billed to the matter was also reasonably incurred. While the sum incurred may be slightly higher than justified for this kind of case (that could be resolved in a fairly expeditious timeframe), I do not see the kinds of circumstances present that would justify a reduction for wasted time on the claim.

Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 33-4. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded fees and costs in the total amount of $59,313.25 (representing $57,485.70 in fees plus $1,827.55 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

3